IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DESHAWN CARLOS EPPS, #26416-075,  Plaintiff,  v.  WARDEN SPROUL, AW SOSA, AW LECLAIR, MS. DUNN, UM BYRUM, UM WALLACE, LT. HENDERSON, LT. BLAIR, LT. HUGGINS, and J. HUGHES,  Defendants. | Case No. 22-cv-00514-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes and a pending motion for preliminary injunction filed by Plaintiff DeShawn Carlos Epps. Epps is an inmate with the Federal Bureau of Prisons and is currently incarcerated at the United States Penitentiary located in Marion, Illinois (USP Marion). He commenced this action pro se by filing a document entitled "Motion for Injunction." The document was filed by the Clerk's Office as a motion for preliminary injunction. (Doc. 1). Epps did not file a complaint.

Federal Rule of Civil Procedure 3 requires a complaint to be filed in order to properly initiate a lawsuit. Complaints filed by pro se plaintiffs, however, are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, applying this less exacting standard and construing the motion for

injunction liberally, the Court finds the filing contains enough information to be treated as the Complaint. Epps has included a case caption listing the defendants, makes clear the relief he seeks, and explains why he believes he is entitled to that relief. Therefore, the Court construes the motion for injunction as both a complaint and a motion for a preliminary injunction.[1]

### MOTION FOR INJUNCTIVE RELIEF

Epps claims that he went to an outside hospital for non-specified issues with his vision on December 11, 2021. When he returned to USP Marion, on December 14, 2021, he was placed in the special housing unit. After 12 weeks, Defendants were attempting to remove Epps from the special housing unit and place him in general population. He asked Defendants for physical and occupational therapy and to see an outside optometrist for his eye condition but did not receive any of these services. Epps informed staff that he should not be placed back in general population because he could not defend himself.

On February 14, 2022, Epps "was placed on call-out for optometry." He was given a paper stating he had "low-vision, care level 2, and sunglasses." Later that day, Epps confronted his cellmate. The cellmate responded by physically assaulting him.

Finally, Epps states that while at USP Marion staff have accused him of being a sex offender, his mail has gone missing, and his re-entry plan has been taken away.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v.*

---

[1] The Clerk of Court is **DIRECTED** to **RENAME** the motion at Doc. 1 as follows: Complaint and Motion for Preliminary Injunction by DeShawn Carlos Epps.

*Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

- a reasonable likelihood of success on the merits;
- no adequate remedy at law; and
- irreparable harm absent the injunction.

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Epps has failed to make a clear showing that he is entitled to a preliminary injunction. Notably, he has not explained what type of relief he is seeking, other than money damages, and how he will suffer irreparable harm without it. He does not provide specifics about his eye condition, and it is not clear if he is claiming he is currently being denied constitutionally adequate medical care or even seeking court ordered treatment. Epps asserts that Defendants would not send him to see an optometrist, but then states he saw "optometry" on February 14, 2022. As for his placement in general population, he was assaulted after "confronting" his cellmate. Epps does not state that he is still celled with that cellmate or present any allegations for the Court to determine that his safety is in danger due to his housing situation. *See Wright v. Miller,* 561 F. App'x 551, 554 (7th Cir. 2014) ("a speculative fear of injury is not a ground for an injunction"). Accordingly, the request for a preliminary injunction is **DENIED.**

### FILING FEE

Epps initiated this suit without prepaying the $402.00 filing fee or a Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed IFP"). In the Complaint, Epps asks the Court for leave to proceed as a poor person. He also asks the Court to order USP-Marion to produce his trust fund account for the last six months. Both requests are **DENIED.**

On March 14, 2022, the Clerk's Office sent Epps a Notice informing him of the steps he must take in order to proceed with this case without prepaying the filing fee. (Doc. 2). Along with the Notice, Epps was sent a Motion to Proceed IFP form and a certification form to be filled out

by an institutional officer. It is his responsibility to fill out the Motion to Proceed IFP form, have the trust fund officer at his facility complete the attached certification, and provide a copy of his trust fund account statement or institutional equivalent for the six-month prior immediately preceding the filing of this action. He has until April 13, 2022, to provide the Court with these documents or pay the full filing fee. **Failure to do so will result in dismissal of this case.** (*See* Doc. 2).

After Epps's filing fee status is determined, the Court will review the Complaint to identify legally sufficient claims and defendants and dismiss any legally insufficient claims. *See* 28 U.S.C. § 1915A. No other action will be taken in the case during this time, absent extraordinary circumstances.

### LEGAL RESEARCH

Finally, Epps also asks the Court to order that he have access to legal research and that Marion produce records of special housing unit placement. The request is **DENIED.** Epps's Complaint is awaiting preliminary review pursuant to Section 1915A. Evidence and legal research in support of his claims is not required at this time. Furthermore, as Defendants have not been served, it is too soon to commence discovery. If the Complaint successfully survives preliminary review and Defendants are directed to respond, then Epps will be provided instructions and deadlines on discovery.

**IT IS SO ORDERED.**

**DATED:   March 16, 2022**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**