IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESHAWN CARLOS EPPS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SUSAN MICHELE DAUN,** <br> **JOHN HUGHES, and** <br> **ELIZABETH HARBISON,** <br><br> **Defendants.** | Case No. 22-cv-00514-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment on the issue of exhaustion filed by Defendants Daun, Hughes, and Harbison. (Doc. 69). Plaintiff Epps opposes the motion. (Doc. 74, 77-2). For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff Deshawn Carlos Epps initiated this lawsuit while a federal prisoner incarcerated at the Federal Correctional Institution located in Marion, Illinois (FCI Marion), claiming violations of his constitutional rights. In the First Amended Complaint, Plaintiff alleges that on December 10, 2021, after ingesting an unknown substance, he began to experience blurred and diminished vision, eye pain, and headaches. (Doc. 41). Plaintiff was treated that day by Defendant Hughes, a registered nurse, who suggested to Plaintiff that he have his vision checked by an eye doctor during the next clinical visit and sent Plaintiff back to his cell, rather than to a hospital. The next day, Plaintiff experienced a further decrease in the quality of his vision, as well as severe dizziness, headaches, and nosebleeds. Plaintiff was taken to a hospital for assessment and treatment. Upon

his return from the hospital to FCI Marion, Plaintiff claims he was not provided adequate medical care for his vision issues and associated symptoms. He alleges he was denied medications, physical and occupational therapy, and treatment by outside providers. (*Id.*).

Following a review of the First Amended Complaint pursuant to 28 U.S.C. §1915A Plaintiff is prosecuting the following claims:

> **Count 1:** Eighth Amendment claim against Hughes for deliberate indifference to Plaintiff's serious medical needs on December 10, 2021.
>
> **Count 2:** Eighth Amendment claim against Hughes, Harbison, and Dunn for deliberate indifference to Plaintiff's serious medical needs once he was discharged from the hospital and returned to FCI Marion on December 13, 2021.

(Doc. 45).

On July 1, 2024, Defendants filed the motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit. (Doc. 69). Plaintiff responded in opposition contending that he attempted to exhaust his administrative remedies, but due to affirmative misconduct on the part of staff and failure to respond to his grievances, the remedies were unavailable to him. (Doc. 74). Defendants filed a reply brief contesting a majority of Plaintiff's additional material facts as not properly supported by the record and arguing that Plaintiff's assertions that the process was unavailable are too general and conclusory and should be disregarded or stricken. (Doc. 76). In response, Plaintiff has filed a motion for leave to file a supplemental affidavit in support of his response in opposition to motion for summary judgment. (Doc. 77). Defendants oppose the motion. (Doc. 78).

### MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT

As mentioned above, in their reply brief, Defendants object to many of the facts articulated in Plaintiff's statement of additional material facts as not properly supported by adequate evidence.

(Doc. 76). Defendants argue that Plaintiff's citations to unsworn allegations made in the operative Complaint (Doc. 1), the First Amended Complaint and attached exhibits (Doc. 41), and the Motion for Emergency Injunction (Doc. 4) do not meet the evidentiary standards required by Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 56.1(c). Based on Defendants' response and objections, Plaintiff subsequently filed a motion requesting leave to file a supplemental affidavit and additional documents in support of his response in opposition for summary judgment pursuant to Federal Rule of Civil Procedure 56(e). (Doc. 77). Plaintiff states that the new supplemental affidavit will moot the parties' disagreement over whether Plaintiff has sufficiently supported asserted facts.

In responding to a motion for summary judgment, the nonmovant cannot rest on the pleadings or mere allegations to overcome the motion; instead, it must submit "specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)). *See also Arce v. Chi. Transp. Authority,* 193 F. Supp. 3d 875, 880 (N.D. Ill. June 9, 2016) ("The complaint is not admissible evidence." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986))). When a party has failed to properly support an assertion of fact, a court has the discretion, however, to give the party an opportunity to cure the deficiency. FED. R. CIV. P. 56(e)(1).

The Court agrees with Defendants that Plaintiff's citations to allegations made in the unverified complaint, amended complaint, and the two motions for emergency injunction relief to support facts put forth in his response to the motion for summary judgment was improper. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) (noting that a verified complaint "can be considered 'affidavit material' *provided* that" the complaint is otherwise in compliance with Rule

56 and 28 U.S.C. §1746, but it is a practice not commended). Thus, the Court will exercise its discretion here and accept Plaintiff's supplemental affidavit and revised memorandum in opposition to defendants' motion for summary judgment. (Doc. 77-1; Doc. 77-2). Plaintiff's motion for leave to file supplemental affidavit and revised memorandum in opposition to Defendants' motion for summary judgment is **GRANTED**. (Doc. 77). As more fully explained below, Defendants will be given an opportunity to respond and file a supplemental reply, if they wish to pursue the affirmative defense of failure to exhaust and request a *Pavey* hearing.

### RELEVANT FACTS

To exhaust administrative remedies, inmates confined in the Federal Bureau of Prison's (BOP) must use the Administrative Remedy Program, 28 C.F.R. § 542.10 *et seq*., which includes a four-step process for addressing grievances. (Doc. 69, p. 2; Doc. 74, p. 1, 16). Before initiating the formal grievance process, an inmate must first attempt to resolve his complaint by submitting an informal resolution form (BP-8) to his counselor detailing any efforts he made to address the problem. (Doc. 69, p. 9; Doc. 77-2, p. 5); 28 C.F.R. § 542.13. An inmate's BP-8 form is returned to the inmate after it is responded to by the Counselor and not maintained by the institution so that the inmate can refile the BP-8 with the next form in the process, a formal administrative remedy request (BP-9). (Doc. 76-1, p. 3). Second, if the informal attempt does not resolve the grievance, the inmate must submit a formal administrative remedy request (BP-9) within twenty calendar days of the event or injury giving rise to the complaint at the institution where the inmate is incarcerated. (Doc. 69, p. 3; Doc. 77-2, p. 5, 17); 28 C.F.R. §§ 542.13-14. Third, if the inmate is not satisfied with the Warden's response to the administrative remedy request, the inmate may file an appeal to the appropriate regional director (BP-10) within twenty calendar days of the Warden's signed response. (Doc. 69, p. 3; Doc. 77-2, p. 5, 17); 28 C.F.R. § 542.15. The fourth step is an

appeal to the Office of General Counsel using a central office administrative remedy appeal (BP-11) filed within 30 days of the Regional Director's response. (Doc. 69, p. 3; Doc. 77-2, p. 6, 17).

The BOP utilizes a system of electronic data entry and retrieval to track administrative remedies filed by inmates, known as SENTRY. (Doc. 69, p. 3; Doc. 69-1, p. 2). It is disputed by Plaintiff whether administrative remedy requests filed by inmates are accurately logged and tracked into this electronic data entry system. (Doc. 77-2, p. 4).

The SENTRY Administrative Remedy Generalized Retrieval report shows that Plaintiff submitted a total of five administrative remedy requests while incarcerated at FCI Marion: (1) #1109421-F1, received February 7, 2022; (2) #1113430-R1, received March 3, 2022; (3) #1113433-R1, received March 3, 2022; (4) #1112505-F1, received March 4, 2022; and (5) #1117519-R1, received April 11, 2022. (Doc. 69, p. 4; Doc. 69-1, p. 7-11; Doc. 77-2, p. 7-8). Plaintiff did not complete the administrative remedy process for any of these five requests, and each remedy request was rejected. (Doc. 69-1, p. 4; Doc. 77-2, p. 7-8). Remedy requests that are rejected are not maintained by the institution, region, or central office and are returned to the inmate along with the rejection notice. (Doc. 69-1, p. 4). According to the record, the grievances were rejected for the following reasons:

- (1) #1109421-F1 – this remedy request was an institution-level request (BP-9) concerning "compassionate release or ship to a medical facility" and was received at FCI Marion on February 7, 2022. The remedy request was rejected on the same day for not providing evidence of an attempt at informal resolution (BP-8 form). Plaintiff did not take any further action regarding this request.

- (2) #1113430-R1 – this remedy request was a region-level request (BP-10) concerning "staff misconduct" and was received on March 3, 2022. The remedy request was rejected on March 14, 2022, because Plaintiff did not submit a BP-9 form prior to sending the BP-10 form. Plaintiff did not take any further action regarding this request.

- (3) #1113433-R1 – this remedy request was a region-level request (BP-10) concerning "staff misconduct" and was received on March 3, 2022. The remedy was rejected on March 14, 2022, because Plaintiff did not submit a BP-9 form prior to sending the BP-

10 form. Plaintiff did not take any further action regarding this request.

(4) #1112505-F1 – this remedy request was an institution-level request (BP-9) concerning "req compassionate release or xfer for medical" and was received at FCI Marion on March 4, 2022. The request was rejected on the same day for not providing evidence of an attempt at informal resolution (BP-8 form). Plaintiff did not take any further action regarding this request.

(5) #1117519-R1 – this remedy was a region-level request (BP-10) concerning "staff misconduct" and was received on April 11, 2022. The remedy was rejected on April 20, 2022, because Plaintiff did not submit at BP-9 form prior to sending the BP-10 form. Plaintiff did not take any further action regarding this request.

(Doc. 69-1, p. 5-6).

As to the last remedy request, #1117519-R1, Plaintiff states that the rejection instructed, "You may resubmit your appeal in proper form within 10 days of the date of this rejection notice." (Doc. 77-1, p. 6). Plaintiff asserts that he did not receive notice of the rejection notice until after the ten-day appeal deadline had passed. (*Id.* at p. 3). Defendants deny this assertion. (Doc. 76, p. 8).

While Plaintiff admits to filing and not completing the administrative remedy process for the five grievances recorded in SENTRY, he disputes that the administrative process was available to him. (Doc. 77-2, p. 7-8). In addition to these five grievances, Plaintiff asserts that he filed around ten additional administrative remedy requests relating to requests for medical treatment and his vision loss, but he did not receive responses to many of his administrative remedy requests and copies were not returned. (Doc. 75-1, p. 2). Specifically, Plaintiff claims that he submitted administrative remedy requests on December 22, 2021, January 6, 2022, January 12, 2022, and May 2, 2022, and he did not receive any responses. (Doc. 77-1, p. 3-4). Plaintiff has provided a copy of the May 2, 2022, administrative remedy informal resolution form (BP-8). (Doc. 77-2, p. 11-12; Doc. 77-1, p. 7). Defendants do not deny that Plaintiff filled out this form dated May 2, 2022, but they dispute that the remedy request creates an issue of fact regarding whether Plaintiff's

administrative remedies were unavailable to him. (Doc. 76, p. 8). They also appear to contest the authenticity of this document. (*See* Doc. 78, p. 2).

Regarding the availability of the remedies process, Plaintiff makes the following assertions, which are all denied by Defendants. He states that when he arrived at FCI Marion, the administrative remedy filing procedures were not explained to him as part of the admission and orientation process, and Warden Sproul informed him and other inmates that any administrative complaint forms submitted would be destroyed. (Doc. 75-1, p. 1; Doc. 77-1, p. 1; Doc. 69-1, p. 3). He further asserts that staff at FCI Marion would refuse to provide him with grievance forms and intercepted and destroyed "various administrative complaints, grievance, and other legal papers," which was common practice. (Doc. 77-1 p. 1, 4). He alleges that he began to be harassed, threatened, and intimidated by staff after filing administrative remedy requests. (Doc. 75-1, p. 2-3; Doc. 76-2, p. 3). As an example, he states that a lieutenant threatened to slap him if he continued to file administrative remedy requests, and staff would search his person and cell if they saw or heard that he was working on an administrative remedy request. (*Id.* at p. 2-3; Doc. 76-2, p. 3).

## LEGAL STANDARDS

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322. In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey,* 881 F.3d 998, 1004 (7th Cir. 2018). Where there is no disputed issue of fact, a hearing is not necessary.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley,* 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*. at 1024.

### DISCUSSION

Defendants argue that not only was the administrative process available to Plaintiff, but he was familiar with the process and knew how to use it. (Doc. 69, p. 7) (citing Doc. 69-1, p. 2-11). He filed five remedies in 2022 but failed to exhaust a single one. (*Id.*). Because Plaintiff failed to timely and properly present his claims at each level of the Administrative Remedy Program, he did not exhaust his claims in this case prior to filing the lawsuit, and summary judgment should be granted as to Counts 1 and 2.

Plaintiff counters that the administrative remedy process was rendered unavailable to him due to staff misconduct. He agrees that he did not reach the fourth and final step of the grievance process with respect to the five remedies he submitted and recorded but argues he was deprived of meaningful access to the Administrative Remedy Program. (Doc. 77-2, p. 17). Plaintiff claims that there was a common practice at FCI Marion for staff to intercept, destroy, or hold administrative complaint forms and that Warden Sproul told him that all administrative remedy requests that were submitted would be destroyed in an effort to discourage the filing of such complaints. (*Id.* at p. 18). He asserts that shortly after he was released from the hospital, he submitted an array of administrative remedy requests, but he never received responses. Furthermore, staff would deny him forms and began to harass, threaten, and intimidate him because he had filed administrative complaints. Plaintiff argues that these facts amount to misconduct rendering his administrative remedies unavailable, and the motion for summary judgment should be denied. (*Id.*).

While strict compliance with the exhaustion requirement is the rule in this Circuit, an inmate is only required to exhaust administrative remedies that are actually available to him. *Ross v. Blake*, 578 U.S. 632, 642 (2016); *Wallace v. Baldwin*, 55 F.4th 535, 542-44 (7th Cir. 2022). An inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 578 U.S. at 642. Even only considering Plaintiff's original affidavit, he has created a question of fact regarding whether the grievance process was available to him. He attests that BP-8 remedy requests submitted after he returned from the hospital did not receive responses and were never returned to him and that he was threatened and harassed for filing or even attempting to file administrative remedy requests. (Doc. 75-1, p. 2-3). Staff loosing, misplacing, or destroying remedy requests and staff preventing an inmate from filing remedy requests by use of threats and intimidation are examples of a remedy that is not available. *See Reid v. Balota,* 962 F.3d 325, 329

(7th Cir. 2020) ("an administrative scheme can be 'unavailable' to a prisoner when a prison fails to respond to a prisoner's grievance"); Schultz v. Pugh, 728 F. 3d 619, 620 (7th Cir. 2013) ("[a] remedy is not available, therefore, to a prisoner prevented by threats or other intimidation by prison personnel from seeking an administrative remedy…"). Therefore, if Plaintiff was prevented from completing the administrative remedy process through no fault of his own, this would establish that exhaustion was not required.

Ultimately, there is a contested issue of fact regarding whether Plaintiff sought and was denied meaningful access to administrative remedies. Due to this factual dispute, the Court cannot say as a matter of law that Defendants have met their burden of demonstrating that Plaintiff had available remedies that he did not properly utilize in attempting to exhaust his claims in Counts 1 and 2. Summary judgment for Defendants is inappropriate at this time and must be denied. An evidentiary hearing is required to resolve this disputed issue of fact. See Pavey, 544 F. 3d 739; Wilborn, 881 F.3d at 1004.

If Defendants would like to pursue this affirmative defense for failure to exhaust administrative remedies any further at this point, they have **fourteen days** from the date of this Order to request a *Pavey* hearing and to submit a supplemental reply to Plaintiff's revised memorandum in opposition (Doc. 77-2). If Defendants do not request a *Pavey* hearing, the Court will enter a new scheduling and discovery order lifting the stay on merits discovery, or the parties may request that the case be referred for a settlement conference.

## DISPOSITION

For the reasons stated above, the motion for summary judgment on the issue of exhaustion filed by Defendants is **DENIED**. (Doc. 69). The Court finds that Plaintiff demonstrated a debatable factual issue regarding whether the administrative process was available to him in attempting to

grieve the allegations in Counts 1 and 2. The motion for leave to file supplemental affidavit filed by Plaintiff is **GRANTED.** (Doc. 77).

Defendants must file a notice within fourteen (14) days of this Order either withdrawing their affirmative defense based on exhaustion of administrative remedies or requesting a *Pavey* hearing. If Defendants decide to proceed with a *Pavey* hearing, then they also have fourteen (14) days from this Order to file a supplemental reply to Plaintiff's revised memorandum in opposition to Defendants' motion for summary judgment. Failure to file a notice by this deadline and in compliance with this Order will result in a waiver of this affirmative defense.

**IT IS SO ORDERED.**

**DATED:**   March 26, 2025

 _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**