IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DESHAWN CARLOS EPPS,**

   **Plaintiff,**

v.            Case No. 22-cv-00514-SPM

**SUSAN MICHELE DAUN,** *et al.***,**

   **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  On March 26, 2025, the Court denied Defendants' motions for summary judgment on the exhaustion of administrative remedies because it concluded that there were genuine disputes of material fact as to the exhaustion of administrative remedies. (Doc. 79). Specifically, the Court found that there were contested issues of fact regarding whether Plaintiff sought and was denied meaningful access to the administrative remedies process by staff. Defendants were given an option to either request a hearing on these issues or to withdraw their affirmative defense concerning the exhaustion of administrative remedies. Defendants filed a Notice wherein they requested a hearing. (Doc. 80).

  Accordingly, this matter will now be set for a hearing pursuant to *Pavey v. Conley,* 544 F. 3d 739 (7th Cir. 2008). In preparation for the hearing, the parties must do the following:

1. Defendants must submit <u>at least five weeks</u> before the hearing:

    a. A final witness lists (with the name, job title, and brief summary of evidence and testimony from the witness);

    b. A final exhibit list;

    c. A statement of undisputed facts; and

    d. A hearing brief (of no more than two pages summarizing the dispute facts and arguments).

2. Plaintiff must submit <u>at least four weeks</u> before the hearing:

    a. A final witness list (with the name, job title (if any), and brief summary of testimony from the witness);

    b. A final exhibit list;

    c. A statement of undisputed facts; and

    d. A hearing brief (of no more than two pages summarizing the disputed facts and his arguments).

3. Both parties <u>at least two weeks</u> before the hearing:

    a. Must submit any objections that they have to any of the above materials in short written format.

A separate order will issue setting the date for the hearing. If at any time prior to the hearing, Defendants would prefer to withdraw the affirmative defense on exhaustion of administrative remedies, they may do so by filing a motion to withdraw.

**IT IS SO ORDERED.**

**DATED: April 15, 2025**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**